U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2005 SEP 21  P 3: 04

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**John A. Baldi**

    **v.**                                    Case No.   04-CV-466-PB

**John T. Broderick, Jr., et al.**

### MEMORANDUM AND ORDER

This case represents John Baldi's latest stop on what has become a lengthy journey through the state and federal judicial systems.  He has sued 26 individuals based on their alleged involvement in three incidents:  an alleged assault in 1999, a road improvement project in 2000, and a libel action filed in 2003.

Defendants have moved to dismiss Baldi's claims on a variety of grounds.  Because most of Baldi's claims are barred by *res judicata* and the few that remain either fail to state a claim for relief or are not actionable in federal court under the Rooker-Feldman doctrine,[1] I grant defendants' motions.

---

[1]  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

## I.  BACKGROUND

### A.  The Complaint[2]

#### 1.  The Assault

Baldi claims that "[o]n July 8, 1999 shortly after 11:00 PM a truck driven by Paul Pearson, the brother of a Fish & Game employee, exited a gravel road in the town of Epsom at a high rate of speed and drove 300 yards across a hay field owned by the Baldi family in an attempt to either kill or seriously injure the plaintiff, John A. Baldi, by striking him with the truck." Compl. ¶ 38.  James MacKenzie, an employee of the New Hampshire Fish & Game Department, "planted the seed for Pearson's actions." Id. ¶¶ 39-40.  The Epsom Police rebuffed Baldi's effort to have Pearson prosecuted because he was the brother of a Fish & Game official.  Id. ¶ 39.  After Baldi persisted, Epsom police officers Roger Amadon and Frank Cassidy "executed knowingly false affidavits" and caused Baldi to be arrested for making a false report to a law enforcement officer, hunting from a motor

---

[2]  I construe the Amended Complaint (document no. 9) in the light most favorable to Baldi.

-2-

vehicle, and illegally placing an animal carcass near a roadway.[3] Id. § 41.

Baldi was tried on all three charges in Concord District Court. The false report charge was dismissed during trial. Id. Baldi was found not guilty of hunting from a motor vehicle but was convicted of placing an animal carcass near a roadway. Id. ¶ 43. The Concord District Court had a policy of allowing its judges to see and consider notes prepared by bail commissioners when deciding on a defendant's guilt or innocence. Id. ¶ 44. The trial judge in Baldi's case took advantage of this policy and improperly considered the bail commissioner's notes. Id. The judge also improperly instructed the clerk to enter guilty verdicts on all three charges in the midst of trial. Id. ¶ 45. The New Hampshire Supreme Court summarily affirmed Baldi's conviction. Id. ¶ 43. The conviction was annulled, however, in November 2004. Id. ¶ 141.

---

[3] The false report charge was based on Baldi's complaint about Pearson. The hunting from a motor vehicle charge and the charge of illegally placing an animal carcass near a roadway were based on allegations that Baldi had shot a deer from his trunk and later hung it from a tree near a road.

The New Hampshire Attorney General's office has had a long-standing policy of refusing to allow criminal complaints to be prosecuted against state officials, employees, and family members.  Id. ¶ 31.  New Hampshire Attorney General Kelly Ayotte, Attorney General's office investigator Michael Bahan, and Former Governor Craig Benson have relied on this policy in refusing to investigate various individuals who committed crimes against Baldi.  Id. ¶ 59.

Baldi has sued Fish & Game employee James MacKenzie, former Epsom police officers Henry Farrin and Frank Cassidy, former Epsom Police Chief Roger Amadon, former Epsom Selectman John Hickey, Epsom Police Officer Eric Bourn, Concord District Court Judge Michael Sullivan, retired District Court Judge Arthur Robbins, former Concord District Court Clerk Barbara Sweet, all five members of the New Hampshire Supreme Court, Attorney General Kelly Ayotte, Attorney General's Office Investigator Michael Bahan, and former Governor Craig Benson in connection with this incident.

## 2.  Road Improvement Project

Unidentified Epsom police officers and other "accomplices" removed soil from Baldi's property without permission during a

-4-

road improvement project and used it to fill a wetlands area in
the town cemetery in August and September 2000.  Id. ¶ 46.  These
individuals severely damaged 200 year-old maple trees on Baldi's
property while removing the soil.  Id.  Baldi unsuccessfully
litigated claims arising from these actions in Merrimack County
Superior Court.  Id. ¶ 47.  Superior Court Judge Edward
Fitzgerald was the presiding officer.  Id. ¶ 48.  The Supreme
Court summarily affirmed Judge Fitzgerald's rulings.  Id. ¶ 50.

Baldi has sued Judge Fitzgerald and all five members of the
New Hampshire Supreme Court in connection with this incident.

3.  The Libel Action

Baldi wrote a letter to the New Hampshire Department of
Environmental Services complaining that Ronald Brown had used
soil obtained from the road improvement project to illegally fill
a wetlands area in the town cemetery.  Id. ¶¶ 51-53.  Citing this
letter, Brown sued Baldi for libel in Merrimack County Superior
Court in June 2003.  Id. ¶ 53.  Brown was represented in the
libel action by Attorney Charles Russell.  Id. ¶ 60.  Superior
Court Judge Kathleen McGuire ordered an attachment of Baldi's
property and the attachment was perfected by Merrimack County
deputy sheriffs Alan Demichelis and Henry Thormley.  Judge

-5-

McGuire later entered a default judgment against Baldi for
failing to appear at a scheduled conference despite the fact that
Baldi had never received notice of the conference date. Id. ¶¶
55-57. Brown supplied a false affidavit in a related civil case
and his wife, Gail Brown, witnessed the affidavit knowing that it
was false. Id. ¶ 58. Susan Bridge notarized an unspecified
document that was not signed in her presence. Id.    Baldi has
sued Ronald and Gail Brown, Bridge, Attorney Russell, Judge
McGuire, and Deputy Sheriffs Demichelis and Thormley in
connection with this incident.

## B. **Prior Litigation**

### 1. Litigation Concerning the Assault

#### a. **Baldi v. Bourn**

Baldi first sued Bourn, Pearson, and MacKenzie in an action
filed in this court in October 2001. See Baldi v. Bourn, No. 01-
CV-396-JD. Baldi sought damages from all three defendants on a
variety of legal theories. All of Baldi's claims in that action
arose from Pearson's alleged assault, defendants' refusal to
prosecute Pearson, and defendants' decision to prosecute Baldi
instead. The court ultimately rejected Baldi's federal claims

and declined to exercise supplemental jurisdiction over his state

law claims.   See Baldi v. Bourn, No. 01-CV-396-JD, Orders dated

May 16, 2002 and October 30, 2002.   Baldi did not appeal.

### b.  **Baldi v. Stout**

Baldi sued Bail Commissioner Stout in Merrimack County

Superior Court on July 3, 2000.   See Baldi v. Stout, Merrimack

County Super. Ct. No. 00-c-345.   He asserted several claims

against Stout based on a letter that Stout allegedly had sent in

his capacity as a bail commissioner to the Concord District

Court.   Judge McGuire ultimately rejected Baldi's claims because

she concluded that Stout was immune from suit.   See Baldi v.

Stout, Merrimack County Super. Ct. No. 00-C-345, Order dated

February 8, 2001.

### c.  **Baldi v. Amadon**

Baldi filed a second federal action in July 2002 addressing

the same issues he litigated in Baldi v. Bourn.   This time, he

sued Amadon, Farrin, Cassidy, Bourn, MacKenzie, Pearson, Stout,

and Sweet.   He also sued one of Attorney General Ayotte's

predecessors and several of his assistants because he claimed

that the Attorney General's office was culpable in the conspiracy

-7-

not to prosecute Pearson.  See Baldi v. Amadon, No. 02-CV-313-SM

("Amadon").  Baldi continued to fault Bourn, Pearson and Cassidy

for Pearson's alleged assault.  He also blamed Amadon, Cassidy

and others for failing to prosecute Pearson and for wrongly

charging Baldi instead.  He complained that he had been wrongly

convicted in Concord District Court and he claimed that Stout had

improperly placed notes in the court file for the judge in his

case to see.  The court rejected  Baldi's federal claims on the

merits and declined to exercise supplemental jurisdiction over

his state law claims.  See Baldi v. Amadon, No. 02-CV-313-M,

Orders date June 9, 2003, April 5, 2004, and May 13, 2004.  These

rulings were sustained on appeal.

### d.  **Baldi v. MacKenzie**

Baldi brought yet another federal claim against MacKenzie in

Baldi v. MacKenzie, No. 04-CV-158-SM.  This action, a state law

claim for negligence, was dismissed because the court concluded

that the claim was in reality a claim against the state, which

the court lacked jurisdiction to consider.  See Baldi v.

MacKenzie, No. 04-CV-158-SM, Order dated July 26, 2004.  Baldi

did not appeal.

-8-

2.    Litigation Concerning the Road Improvement Project

### a.  **Farrin I**

Baldi and his mother, Elsie Baldi, filed their first
complaint challenging the road improvement project in March 2001.
See Complaint, Baldi v. Farrin, No. 01-CV-98-JD ("Farrin I").
They sued Farrin, several Epsom selectmen, and the Town of Epsom,
claiming that the soil removal was an unconstitutional taking
without compensation and a violation of their due process and
equal protection rights.  They also asserted various state law
claims.  The court dismissed the federal claims because Baldi had
not exhausted his state remedies.  Baldi v. Farrin, No. 01-CV-98-
JD, Orders dated September 24, 2001 and March 18, 2002.  The
court also declined to exercise jurisdiction over Baldi's state
law claims.  See id.  These rulings were affirmed on appeal.

### b.  **Farrin II**

Baldi and his mother filed a complaint in state court
challenging the road improvement project in October 2001.  See
Baldi v. Farrin, Merrimack County Super. Ct. No. 01-C-491
("Farrin II").  In addition to the defendants named in Farrin I,
the Baldis sued Brown and other individuals who allegedly had

-9-

participated in the soil removal.    Judge Fitzgerald rejected all

of plaintiffs' claims.    See Baldi v. Farrin, Merrimack County

Super. Ct. No. 01-C-491, Orders dated January 28, 2002, May 17,

2002, and September 27, 2002.    These rulings were summarily

affirmed by the New Hampshire Supreme Court.

### c.  **Farrin III**

Baldi and his mother filed another federal court complaint

addressing the soil removal issue after they lost in Farrin II.

See Baldi v. Farrin, No. 03-CV-96-PB ("Farrin III").    In addition

to the defendants named in Farrin II, the Baldis sued Judge

Fitzgerald and several lawyers and law firms who had represented

defendants in Farrin I and II.    See id.  The court determined

that it lacked subject matter jurisdiction to consider the

Baldis' claims.   Baldi v. Farrin, No. 03-CV-96-PB, Orders dated

May 23, 2003, June 23, 2003 and August 20, 2003.    These rulings

were affirmed on appeal.

### d.  **Farrin IV**

Baldi's wife, Catherine Baldi, filed yet another action

challenging the soil removal.    See Baldi v. Farrin, No. 03-CV-

342-PB.   The court ruled that it lacked subject matter

-10-

jurisdiction to consider Catherine Baldi's claims.  See Baldi v.
Farrin, No. 03-CV-342-PB, Order dated July 27, 2004.  Baldi did
not appeal.

     3.  Litigation Concerning the Libel Action

        **a.  Brown v. Baldi**

     Brown sued Baldi for libel and to recover attorney's fees in
Merrimack County Superior Court.  See Brown v. Baldi, Merrimack
County Super. Ct. No. 03-C-372.  Baldi attempted to remove the
case to federal court but the court determined that it lacked
jurisdiction to consider Brown's claims.  See Brown v. Baldi, No.
03-CV-319-JD, Order dated January 15, 2004.  Brown obtained a
$10,000 attachment in state court and Judge McGuire entered
orders holding Baldi in default and awarding Brown $1,000 in
damages on the libel claim.  See Brown v. Baldi, Merrimack County
Super. Ct. No. 03-C-372, Orders dated June 30, 2003 and December
30, 2004.  On July 12, 2005, docket markings were filed stating
that "the Defendant John A. Baldi has paid the judgment in full
including all costs, fees and other amounts awarded by the
Court."

### b.  **Baldi v. Brown**

Baldi sued Ronald and Gail Brown, Charles Russell, Gregory Bowen, and the Town of Epsom in a complaint arising from the filing of the libel claim.  See Baldi v. Brown, No. 04-CV-206-SM. Baldi based his claims on defendants' alleged involvement in obtaining the $10,000 attachment and in prosecuting the libel action.  The court rejected all of Baldi's claims on the merits. See Baldi v. Brown, No. 04-CV-206-SM, Order dated November 30, 2004.  This ruling was affirmed on appeal.

## II.  **ANALYSIS**

### A.  **Claims Barred by *Res Judicata***

*Res judicata* bars "the parties or their privies from relitigating claims that were raised or could have been raised in [a previous] action."[4]  Breneman v. United States, 381 F.3d 33,

---

[4] The *res judicata* effect of a state court judgment is determined using state law, see Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000), whereas federal law governs the res judicata effect of a federal court judgment, see Colonial Mortgage Bankers Corp. v. Lopez-Stubbe, 324 F.3d 12, 16 (1st Cir. 2003).  New Hampshire's law of *res judicata* does not differ materially from federal law.  Accordingly, I cite state and federal precedents interchangeably.

38 (1st Cir. 2004) (quotation omitted); see also Grossman v.
Murray, 141 N.H. 265, 269 (1996) ("Res judicata is a broader
remedy [than collateral estoppel] and bars the relitigation of
any issue that was, or might have been, raised in respect to the
subject matter of the prior litigation." (emphasis omitted)).
The elements of a *res judicata* defense are: "(1) a final judgment
on the merits in an earlier proceeding, (2) sufficient
identicality between the causes of action asserted in the earlier
and later suits, and (3) sufficient identicality between the
parties in the two actions."   Breneman, 381 F.3d at 38, quoting
In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir.
2003)); see also Osman v. Gagnon, 876 A.2d 193, 195 (N.H. 2005)
(same).  In general, causes of action are identical for *res
judicata* purposes when they arise from the same factual
transaction.   Havercombe v. Dep't of Educ. 250 F.3d 1, 4-5 (1st
Cir. 2001) (federal law); Patterson v. Patterson, 306 F.3d 1156,
1159-60 (1st Cir. 2002) (New Hampshire law).

　　　Baldi sued Amadon, Farrin, Cassidy, Bourn, MacKenzie and
Sweet in Amadon for failing to prosecute Pearson, prosecuting
Baldi, and improperly influencing his prosecution in Concord
District Court.  A final judgment was entered against Baldi in

-13-

that action and the judgment was sustained on appeal.  All of Baldi's current claims against the Amadon defendants concern the same transactions that spawned the prior litigation. Accordingly, his current claims against these defendants are barred by res judicata.

**B.   Claims Not Barred by *Res Judicata*** [5]

    1.   Hickey

Baldi's sole claim against Hickey is that "Hickey had full knowledge of the fact that the plaintiff was lawfully shooting the deer and that there were no grounds for the Epsom police to stop him.  He also knew that Amadon was not a truthful person and that he lied to get the warrant for Mr. Baldi's arrest on the charge of 'Offensive Matter.'"  Compl. ¶¶ 151-52.  These allegations fail to support a claim against Hickey on any viable legal theory.  Accordingly, Baldi's claims against Hickey are dismissed for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).

_____

[5]   Baldi also sued Bridge and Donald Goodnow, Director of the Administrative Office of the Courts, as defendants.  Baldi has abandoned his claims against Goodnow and he failed to serve Bridge.  Accordingly, these claims are dismissed as well.

2.   Ayotte, Bahan and Benson

Baldi alleges that Ayotte, Bahan and Benson are liable
because "[w]ith the consent of, and policy of, Defendant Benson,
defendants Bahan . . . and Ayotte will not allow the Attorney
Generals [sic] Office to prosecute[] those individuals who
committed crimes against Mr. Baldi because state officials and
employees are involved."  Compl. ¶ 59.   Later in the complaint,
Baldi asserts that

> [d]efendants Ayottee [sic], Bahan and Benson
> violated the plaintiff's 5th & 14th Amendment
> right to procedural due process when they
> failed to prosecute state employees,
> officials, and their family members who
> committed perjury in both civil and criminal
> cases in the federal and state courts located
> in New Hampshire.  In addition, they violated
> the plaintiff's 14th Amendment right to equal
> protection of law when they allowed a class
> based group (public employees and officials)
> to be exempt from criminal prosecution, when
> they criminally aggrieved another class of
> citizens (people who challenge the illegal
> actions of public officials and employees).

Id. ¶ 116.   These allegations fail to state viable claims for
relief.   Accordingly, Baldi's claims against these defendants are
dismissed.   See Fed. R. Civ. P. 12(b)(6).

3.   Judicial Officer Defendants

Baldi seeks damages, injunctive relief and orders directing

-15-

the United States Attorney to prosecute Judge Sullivan, former
Judge Robbins, Judge Fitzgerald, Judge McGuire, and all five
members of the New Hampshire Supreme Court.  None of these claims
are viable.

     Baldi's damage claims plainly are barred by the doctrine of
absolute judicial immunity.  See, e.g., Stump v. Sparkman, 435
U.S. 349, 363 (1978); Evans v. Foster, 1 N.H. 374, 377 (1819).
Baldi also cannot maintain a claim for prospective injunctive
relief because he has not alleged facts that would support an
assertion that he faces an imminent threat of future injury at
the hands of the judicial officer defendants.  See, e.g., City of
Los Angeles v. Lyons, 461 U.S. 95, 102 (1983).  The court lacks
the power to order the United States attorney to prosecute
anyone.  Finally, the court lacks subject matter jurisdiction
under the Rooker-Feldman doctrine to the extent that Baldi seeks
declaratory relief challenging rulings made by the judicial
officer.  See Exxon Mobil Corp. v. Saudi Basic Indust. Corp., 125
S. Ct. 1517, 1526 (2005)(Rooker-Feldman doctrine applies where
"the losing party in state court filed suit in federal court
after the state proceedings ended, complaining of an injury
caused by the state-court judgment and seeking review and

-16-

rejection of that judgment.").

    4.  <u>Demichelis and Thormley</u>

    Baldi seeks to hold Demichelis and Thormley liable simply because they carried out Judge McGuire's allegedly unlawful order to attach his property.  Baldi's claims against these defendants fail for the same reason that his claims against the judicial officer defendants fail.  <u>See</u> <u>Gould v. Director, New Hampshire Div. of Motor Vehicles</u>, 138 N.H. 343, 346 (1994).

### III.  **CONCLUSION**

    All of Baldi's claims are dismissed for the reasons described in this Memorandum and Order.  Defendants' motions to dismiss (document nos. 22, 24, 25, 44, 49 and 50) are granted.  I decline to exercise supplemental jurisdiction over Ronald and Gail Brown's counterclaims (document nos. 58 and 60).  Accordingly, those claims are dismissed without prejudice.  All motions not granted by this order are denied.  On or before October 15, 2005, Baldi shall file a memorandum showing cause as to why he should not be permanently enjoined from filing further complaints based on the transactions that form the basis for the

-17-

current action.   No party shall file any further pleadings in

this case without prior court approval.

SO ORDERED.

Paul Barbadoro
United States District Judge

September 21, 2005

cc:   John A. Baldi, pro se
      Daniel J. Mullen, Esq.
      Brian J.S. Cullen, Esq.
      Charles Russell, Esq.
      John A. Curran, Esq.

-18-