UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


John A. Baldi

    v.                                                 Civil No. 04-cv-466-PB

John T. Broderick, Jr., et al.


**O R D E R**

Four former defendants in this action, all state court judges (hereafter "State Court Judges"), move to quash the subpoenas served upon them by counterclaim defendant John A. Baldi (hereafter "Baldi"). In connection with the motion, Judge Barbadoro ordered Baldi to file a statement of the testimony he expects to elicit from each. Document no. 86. The matter has been referred to me by Judge Barbadoro.

Preliminary Matter

As a preliminary matter I consider Baldi's objection to resolution of the matter by me. Document no. 88. In prior orders, in other cases, I have informed Baldi that the appropriate vehicle to seek the recusal of a federal judge is by motion. See United States v. Devin, 918 F.2d 280, 294 n.11 (1st Cir. 1990); In re United States, 158 F.3d 26, 37 (1st Cir. 1998).

In certain circumstances it can be raised by affidavit.  28 U.S.C. § 144.  He is well aware of the proper procedure and, in fact, earlier in this case he used it to seek Judge Barbadoro's recusal.  Document no. 5.  Despite the lack of any motion for recusal I will consider his objections.

Baldi asserts: (1) that I am not neutral; (2) that I have close friendship with parties to be deposed; (3) that I hold prejudice against Baldi; (4) that Baldi has filed complaints against me; (5) that I have a history of altering transcripts; (6) that I have failed in my duty to enforce criminal violations against perpetrators who are either state officials or friends of mine; (7) that in this case I have violated 18 U.S.C. § 4, Misprision of Felony when I denied Baldi's "Motion For A Hearing On The Issuance of Arrest Warrants"; (8) that I have allowed defendants to continue their violation of 18 U.S.C. § 241 and 242; and (9) that I have shown my intent to violate 18 U.S.C. § 2384, seditious conspiracy.

His complaints numbered (1), (2), (5), (6), (7), (8) and (9) are very similar or identical to complaints previously filed against me by Baldi with the Judicial Council of the First Circuit.  They were dismissed as baseless.  He may not relitigate

them and they remain baseless.  The fact that Baldi filed the complaint has not influenced me in making decisions in his cases and it will not do so in the future.  Frivolous and/or baseless complaints by misguided pro se litigants against judges do not, and should not, be a basis for recusal.  I accept that disgruntled pro se litigants complain against judges who rule against them.  Furthermore, I have no personal bias or prejudice against Mr. Baldi and his complaints against me will not be held against him.

It is always tempting for a judge to recuse himself in cases instituted by "frequent filers" with a history of asserting unfounded claims or who make the administration of the cases difficult.  However, a judge has a duty to participate or sit on a case when it is not appropriate to recuse.  See Laird v. Taturn, 409 U.S. 824, 837 (1972) (citations omitted).  No reasonable person could question my impartiality in this case and I decline to recuse myself.

## Background

The subpoenaed justices were originally defendants.  Their motion to dismiss was granted and they are no longer parties to the case.  In fact, all of Baldi's claims in this suit have been

dismissed.

Judge Barbadoro has reviewed the history of Mr. Baldi's many suits in his "Memorandum and Order" of September 21, 2005 dismissing all of Mr. Baldi's claims. Document no. 71. The only claims remaining in this suit are the counterclaims of Gail and Ronald Brown. The counterclaims allege:

1. Count I – Abuse of Process;
2. Count II – Intentional Infliction of Emotional Distress;
3. Count III – Negligent Infliction of Emotional Distress; and
4. Count IV – Harassment and Invasion of Privacy.

Since the suits against the State Court Judges have been dismissed any discovery from them must be relevant to a claim or defense relating to the counterclaims. Fed. R. Civ. P. 26(b)(1). Baldi does not claim that the testimony sought relates to plaintiffs' claims but rather to his defense of illegality.

Further, as pointed out above Judge Barbadoro has ordered Baldi to provide a statement of the evidence he expects to obtain from each of the deponents. Fed. R. Civ. P. 45 and 26(c) permit the court to quash a subpoena and order that discovery not be had

in a deposition where justice requires that a person be protected from annoyance . . . oppression or undue burden.  Baldi states:

> in response to that aspect of the order the plaintiff states the following:
>
> a. Plaintiff does not seek intervention into the mental processes of any of the judges.
>
> b. Plaintiff does seeks answers as to the meaning of state statutes, articles of the state constitution, whether an oath of office was taken that included in part to uphold the constitution and laws of the United States, whether they are bound by the supremacy clause of the United States Constitution and if not, to identify the authority that allows them to breach that "Article" and the privileges and immunities granted pursuant to the entire document.
>
> c. The questions will also be related to their legal background, what they knew, when they knew it, what action they took, if any, all designed to show that had a complete knowledge of both federal and state law, they wilfully and deliberately breached federal law, did not follow the plain language of statutes enacted by the state legislature and generally used their positions contrary to the law if that is what they felt like doing.  This will be done and must be allowed to be done, in order to prove the affirmative defense of illegality to the Browns counterclaims.  It must also be done for the plaintiff's suit against the United States pursuant to 33 U.S.C. § 1365 (See attachment.  The Browns, Town of Epsom, State of N.H. have all also been notified.  Please also be aware that by statute the venue for suits against the United States is the district court within the district where the **plaintiff** resides, Boston).

In paragraph a. Baldi acknowledges that he is not permitted to inquire into the mental processes of any of the judges.  Baldi is correct.  The decision-making or mental processes of judges is not subject to discovery.  That is true under federal law.  <u>See</u> <u>United States v. Morgan</u>, 313 U.S. 409, 422 (1941); <u>Fayerweather v. Ritch</u>, 195 U.S. 276, 306-7 (1904).  It is equally true under New Hampshire law.  <u>See</u> <u>State ex rel. Childs v. Hayward</u>, 109 N.H. 228, 230 (1968); <u>Merriam v. Town of Salem</u>, 112 N.H. 267, 268 (1972).

    Having acknowledged that he cannot inquire into the mental processes of the State Court Judges, he then describes in paragraph b. and the first part of c. areas of inquiry which are, in different words, an inquiry into mental processes or interpreted another way a request for advisory opinions.  An inquiry into how judges interpreted statutes or articles of the state or federal constitution in deciding Baldi's cases clearly involve an inquiry into their mental processes.  What legal understanding they had or interpretations of law they made are what he wishes to use to show they "wilfully and deliberately breached federal law, did not follow the plain language of statutes . . . and used their positions contrary to the law if

that is what they felt like doing". That can only be determined from their written or oral decisions or it will require an inquiry into their thinking. The latter is not permitted. No deposition is needed to determine it in the former instance.

He also cannot use these justices to prove his "illegality" defense by "extracting" their opinions of the law, even assuming he has such a viable defense. Baldi is simply not entitled to advisory opinions from New Hampshire Supreme Court or Superior Court Judges.

Baldi has failed to show any legitimate basis for these depositions. The subpoenas are quashed, the motion (document no. 86) is granted and Chief Justice Broderick, Justice Dalianis, Justice McGuire and Justice Fitzgerald are granted a protective order directing that the "discovery" sought not be had.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 27, 2006

cc: John A. Baldi, *pro se*
    Brian J.S. Cullen, Esq.
    John A. Curran, Esq.
    Daniel J. Mullen, Esq.
    Charles A. Russell, Esq.