UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE


**John Baldi**

    v.                              Case No. 04-cv-466-01-PB
                                       Opinion No. 2006 DNH 143C
**John Broderick, Jr.**


                              **O R D E R**

    Ronald and Gail Brown have moved for a default judgment with respect to their counterclaims against John Baldi.  The Browns allege in the motion that a default judgment is warranted because Baldi failed to file answers to interrogatories and failed to file a final pretrial statement.  Further, after the Browns filed their motion for default judgment, they appeared at the final pretrial conference and orally complained that a default judgment should also be entered because Baldi failed to attend the conference.  Baldi has responded with an objection challenging the validity of the counterclaims and arguing that I must be barred from presiding over the case.  However, he does not challenge the Browns' contentions that he failed to respond to the interrogatories and failed without justification to file a

pretrial statement. Nor has he offered an explanation for his failure to attend the pretrial conference.

The Federal Rules of Civil Procedure permit the entry of a default judgment for the failure to respond to interrogatories, <u>see</u> Fed. R. Civ. P. 37(d), the failure to file a pretrial statement, <u>see</u> Fed. R. Civ. P. 37(c), and the failure to attend a pretrial conference, Fed. R. Civ. P. 16(f); <u>see</u> also <u>Guex v. Allmerica Financial Life Ins. and Annuity Co.</u>, 146 F.3d 40, 41 (1st Cir. 1998); <u>Hathrock v. Navistar Int'l Transp. Corp.</u>, 53 F.3d 36, 40 (4th Cir. 1995). While a default judgment obviously is a severe sanction that should not be imposed lightly, it is warranted in cases like this where the resulting harm is severe, lesser sanctions are insufficient, and the offending party's behavior is inexcusable.

I have no doubt that the Browns have been severely prejudiced by Baldi's failure to respond to interrogatories and his failure to file a pretrial statement. Indeed, I do not see how they could possibly be ready for trial without the information they seek. I also have no reason to believe that lesser sanctions will bring Baldi into compliance with the court's rules and orders because he has made no attempt to

justify or excuse his noncompliance. Moreover, his failure to attend the final pretrial conference even after he had been served with the Motion for Default Judgment suggests that he has no intention to fulfill his duties as a litigant. Accordingly, I grant the Browns' Motion for Default Judgment (Document No. 99) and refer the case to the Magistrate Judge for a hearing on damages.

    SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 18, 2006

cc:  John A. Baldi, pro se
     Charles Russell, Esq.