**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>John Baldi</u>

     **v.**　　　　　　　　　　　Case No. 04-cv-466-01-PB
　　　　　　　　　　　　　　　Opinion No. 2006 DNH 144C

<u>John Broderick, Jr., et al.</u>

## O R D E R

     John Baldi contends that I must recuse myself from this case
and vacate all of my prior orders because he has filed a criminal
complaint against me for "violation of federal statutory [law]
including both misdemeanors and felonies with the Boston office
of the FBI, the U.S. Justice Department in Washington D.C., the
U.S. Attorney's Office for the District of New Hampshire, and the
United States Senate Judiciary Committee."[1]  Baldi suggests that
in view of his complaint, my further involvement in the case
presents "a conflict of interest, and an opportunity to further
harm the plaintiff with a continuation of [my] criminal acts."

     Baldi does not explain the nature of his criminal complaint

---

[1]  Baldi also seeks to have Judges McAuliffe and DeClerico
and Magistrate Judge Muirhead recused because he has also named
them in his complaint.

in the recusal motion, but he referenced the complaint in an earlier filed objection to another motion and attached what appears to be a letter of complaint to the objection.  The objection suggests that the complaint is based at least in part on his claim that I have made unspecified rulings in the case that make me a co-conspirator with counterclaim plaintiffs Ronald and Gail Brown.[2]

28 U.S.C. § 455 requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned."[3]  However, a judge ordinarily should continue to preside over any case assigned to him in which there is no objective basis for recusal.  In re United States, 441 F.3d 44, 67 (1st Cir. 2006).  Further, courts must be careful to resist "strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes."  Id.  Thus, the fact that a litigant has filed a complaint against a judge arising from the judge's

---

[2]  Baldi may also be basing his complaint on earlier allegations of misconduct that he presented in a prior recusal motion.  See Document No. 5.

[3]  Baldi has not based his motion on 28 U.S.C. § 144.  Nor has he filed the affidavit required by § 144.  Accordingly, I deem his recusal motion to be based on 28 U.S.C. § 455.

work in the case does not automatically require the judge to recuse himself from that case.  See In re Beverly Mann, 229 F.3d 657, 658-59 (7th Cir. 2000); United States v. Martin-Trigona, 759 F.2d 1017, 1020-21, 1025 (2d Cir. 1985).

I cannot determine from the present record what it is that Baldi claims requires my recusal.  If it is either the fact that he has filed a complaint against me arising from my work on this case, or his belief that I have made improper rulings, his argument necessarily fails.  If he contends that I have improperly colluded with his adversaries or have otherwise acted illegally, his claims are unsupported and are flat out wrong.  In short, no reasonable person could question my impartiality on the basis of the record presented in this case.  Accordingly, Baldi's Motion to Recuse (Document No. 103) is denied.[4]

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 18, 2006

cc:  John Baldi, pro se
     Charles Russell, Esq.

---

[4]  I decline to hold a hearing on the motion because a hearing is unnecessary and would be a waste of time.

-3-