UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>John A. Baldi</u>

    v.                                              Civil No. 04-cv-466-PB

<u>John T. Broderick, Jr., et al.</u>

**REPORT AND RECOMMENDATION**

    Judge Barbadoro granted defendants' Motion for Default Judgment. A default or entry of fault establishes liability, but does not fix the amount of damages. As a consequence, the matter was referred to me for an evidentiary hearing and a Report and Recommendation.

<u>Background</u>

<u>DAMAGES STANDARDS</u>

    The Browns' counterclaims each contain four causes of action:

        Count I – Abuse of Process;

        Count II – Intentional Infliction of Emotional Distress; and

        Count III – Negligent Infliction of Emotional Distress.

        Count IV – Harassment and Invasion of Privacy.

Each count is based upon New Hampshire common law. The damages recoverable under each claim are set forth below.

1.  Damages provable for abuse of process include:

    (a) the harm normally resulting from any arrest or imprisonment, or any dispossession or interference with the advantageous use of his land, chattels or other things, suffered by him during the course of the proceedings, and

    (b) the harm to his reputation by any defamatory matter alleged as the basis of the proceedings, and

    (c) the expense that he has reasonably incurred in defending himself against the proceedings, and

    (d) any specific pecuniary loss that has resulted from the proceedings, and

    (e) any emotional distress that is caused by the proceedings.

<u>Restatement (Second) of Torts</u> § 681.

2.  Damages for negligent infliction of mental distress require:

    (a) emotional harm that is "a significant, painful, mental experience with lasting effects". <u>O'Donnell v. HCA Health Services of New Hampshire, Inc.</u>, 152 N.H. 608, 611, 883 A.2d 319, 324 (2005);

    (b) "(D)emonstrated physical symptoms of . . . distress regardless of physical impact." <u>Id.</u>; and

    (c) "(E)xpert testimony is required to prove physical symptoms suffered from alleged negligent infliction of emotional distress." <u>Silva v. Warden, N.H. State Prison</u>, 150 N.H. 372, 374, 839 A.2d 4, 6 (2003).

3.  On the other hand, damages for intentional infliction

of emotional distress "are recoverable without the necessity of showing actual physical injury or offering expert testimony . . . ." Id.  The compensable emotional distress for this tort must be severe emotional distress.  Morancy v. Morancy, 134 N.H. 493, 496, 593 A.2d 1158, 1160 (1965).  Severe emotional distress can include fright, shock, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, apprehension, anxiety, mortification, nervousness, and terror. It can create mental disorders and physical manifestations like crying, sleeplessness, headaches and nausea.  It may interfere with normal relationships and interfere with daily functions. See 43 Am. Jur. Proof of Facts 2d, Emotional Distress §§ 16-17. The key is that it must be severe, not garden variety, emotional distress.

    4.   Damages for invasion of privacy include damages for:

        (a)  the harm to his interest in privacy resulting from the invasion;

        (b)  his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and

        (c)  special damage of which the invasion is a legal cause.

Restatement (Second) of Torts § 652H.  Humiliation actually

suffered is specifically included where it normally results from the invasion.  Id., Comment b.

## FACTS

   Mr. and Mrs. Brown have been married for over forty years. During their marriage Mr. Brown has always done septic and other excavation/grader type work.  He has his own corporation.  Mrs. Brown keeps the books of the business and has been employed for many years by the New Hampshire Senate.  The Browns lead a quiet life and mind their own business.

   In 2001, Baldi was engaged in one of his numerous suits in this court; in particular, a suit against the Town of Epsom relative to culvert work on Center Hill Road.  Town counsel obtained an affidavit from Mr. Brown in connection with a motion filed in the case.  The suit was dismissed in this court, but it was immediately renewed in state court by Baldi.  The Browns' hell began as Baldi now included Mr. Brown as one of the defendants simply because he had provided an affidavit to counsel.  Judge Fitzgerald of the Merrimack Superior Court dismissed the case against Brown, found it was a groundless suit filed with the intent to harass, and awarded Mr. Brown $9,000.00 in legal fees against Mr. Baldi.

Baldi is a law school graduate but is an unsuccessful applicant to the Massachusetts Bar.  Undeterred by his legal education, the force of Judge Fitzgerald's sanction, or good sense, Baldi appealed to the New Hampshire Supreme Court – and lost.  That only whetted his appetite for more litigation.  Baldi then proceeded to sue Mr. Brown in four suits in this court: 03-cv-96-PB, 04-cv-206-SM, 04-cv-466-PB and 07-cv-024-SM.  He included Mrs. Brown on wholly frivolous grounds in the latter three suits.  When he was forbidden to file any further suits here, he brought a suit in Catherine Baldi's name – 03-cv-342-PB which was a virtual copy of one of his dismissed suits.  Baldi has been wholly unsuccessful in every suit.

Baldi's suit for $1.5 million dollars adversely affected Mr. Brown's bonding capacity and impacted his business and personal credit.  Baldi made erroneous but intentionally harmful allegations to state regulatory authorities, which impacted Mr. Brown before state regulators.  He has falsely accused Mr. Brown of crime and sought to have him arrested.  Baldi appears to be on a twisted frolic, subjecting the Browns to five years of one frivolous suit after another.

Baldi has filed frivolous suit after frivolous suit in this

court and in state courts.[1]  After the defaults entered in this case, he had the temerity to sue the Browns over the counterclaims - see 07-cv-024-SM.  The frivolous nature of his suits is further demonstrated by his suits against all the state judges he appeared before and the 18-20 town officials he has sued numerous times.

The problems and damages caused to the Browns by this misguided and uncaring litigant cannot be overstated.  The damage and destruction Baldi brought into the lives of the Browns was evident in their testimony.  Baldi's lack of remorse was just as evident.

## LEGAL FEES

Exhibit J, as corrected, details the legal fees incurred by defendant-counterclaim defendants.  The fees totaled $31,213.02 less the $9,075.00 awarded and paid previously, leaving a net of $22,138.02.  The amount is very reasonable considering the number of suits, the vexatious nature of them, and the modest hourly rates charged and the efficiency and proficiency of counsel.  I recommend that Ronald and Gail Brown be jointly awarded $22,138.02 in legal fees.

---

[1] Attached is a list from this court.

OTHER DAMAGES

Since the Browns did not provide expert testimony as to their emotional harm and physical symptoms, no award is recommended for the negligent infliction of mental distress. However, the evidence of emotional distress, harm to their privacy interests and damage to reputation under the other three counts of their counterclaims is compensable.

The unrelenting and vexatious litigation tactics of Baldi have severely damaged the emotional and physical well being of Mr. Brown.  Brown is a quiet, reserved man with a reading disability.  He is a septic installer and site work operator, dependent upon his New Hampshire license which Baldi's litigation tactics affected.  Simply because he provided an affidavit in a case Baldi had against a town, Baldi sued Mr. and Mrs. Brown multiple times on frivolous grounds alleging $1,500,000.00 in damages.  Baldi also filed complaints against him with state agencies and tried to have the Browns and their attorney arrested by the United States Attorney.  The suits covered all but four months of a five year span.

Mr. Brown's blood pressure soared.  His anxiety level rose. He had problems sleeping.  He became fearful and depressed.  His

health deteriorated.  His untarnished record before the Department of Environmental Services was blemished.  The Baldi suits and charges spread throughout the town and caused people to talk about the Browns and inquire of them about Baldi's claims.  The suits resulted in the denial of bank credit to Mr. Brown and impacted his bonding for construction.  Mr. Brown has had a heart attack, which required in excess of $15,000.00 in medical and drug treatment.  He has been greatly embarrassed and devastated by Baldi's action revealing his inability to read and by allegations of illegality.  Since no medical evidence ties the bills directly to Mr. Brown's emotional distress, I do not recommend payment of them as damages.  They do, however, buttress Mr. and Mrs. Brown's testimony as to the impact on him.

   The cold record cannot fully reflect the adverse impact on the emotional well-being of the Browns.  As a fact finder assessing their words and demeanor, I find them both fully credible.  I recommend that Mr. Brown be awarded the sum of $135,000.00 for his humiliation, embarrassment, shame, anxiety, depression, sleeplessness, fright and emotional and mental distress.

   Mrs. Brown, a secretary at the New Hampshire Senate, is also

a quiet, private person who was pursued at work by Baldi for deliveries and service of process.  She lost time from work.  She was humiliated and stressed by outrageous questioning about her sex life by Baldi at a deposition.  She too has offered evidence of her stress and has been treated for stress.  She developed colitis.  She became fearful, tense and distraught.  Her enjoyment of life was destroyed for five years as first her husband, then she, were both irresponsibly sued.  Baldi's distorted view of the law and facts resulted in an intentional pattern of frivolous allegations, claims and lawsuits against Mrs. Brown which gave her great stress, destroyed her privacy and emotionally harmed her.  She had done nothing to justify such intentional and irresponsible harassment.  I recommend that Mrs. Brown be awarded the sum of $85,000.00 for her humiliation, embarrassment, shame, anxiety, depression, fright and emotional and mental distress.

    It is hard to overstate the callousness, viciousness and frivolity of Baldi's litigious attack on Mr. and Mrs. Brown.  I recommend, in summary, that the following damages be awarded:

```
         Mr. Brown                           $135,000.00
         Mrs. Brown:                           85,000.00
         Mr. & Mrs. Brown Legal Fees:          22,138.02
```

Together with interest and costs.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

*James R. Muirhead (signature)*
James R. Muirhead
United States Magistrate Judge

Date:   June 21, 2007

cc:   John A. Baldi, pro se
      Brian J.S. Cullen, Esq.
      John A. Curran, Esq.
      Daniel J. Mullen, Esq.
      Charles A. Russell, Esq.