# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Ronald and Gail Brown**

   v.                                   Civil No. 04-cv-466-PB
                                           Opinion No. 2017 DNH 135

**John A. Baldi**

## MEMORANDUM AND ORDER

Ronald and Gail Brown seek a writ of scire facias in an effort to collect on a 2007 judgment against John Baldi.

## I. FACTS

I recite the facts largely as summarized in my previous order. See Doc. No. 142 at 1-3. John and Catherine Baldi at one time jointly owned land in Epsom, New Hampshire that abutted property owned by Raymond and Beryl Dow. In 1995, the Dows orally agreed to transfer part of their land (the "24-Acre Parcel") to the Baldis in exchange for the Baldis' agreement to allow the Dows to cut trees on a portion of the Baldis' property. The parties agreed to make the transfer by means of a boundary line adjustment. A plan depicting the proposed boundary line adjustment was subsequently approved by the Epsom Planning Board and filed in the Registry of Deeds on May 18, 1995. Although no deed effecting the transfer was prepared at

that time, the Baldis thereafter paid all property taxes on the 24-Acre Parcel and treated it as their own in all respects.

Several years later, on November 2, 2004, Baldi recorded a deed conveying his interest in the 24-Acre Parcel to his wife for nominal consideration. More than ten years later, on June 13, 2015, Baldi obtained a quitclaim deed from the Dows purportedly transferring any interest the Dows had in the 24-Acre Parcel to the Baldis as joint tenants. Baldi has explained that he obtained the deed to remove any uncertainty as to his wife's ownership of the 24-Acre Parcel.

Prior to the Dows' 2015 deed, Catherine Baldi had discussed selling the property with a New Hampshire nursery. As of January 2017, she had arranged to sell the 24-Acre Parcel to a prospective buyer. And since 2004, she has paid the property tax due on the 24-Acre Parcel.

I held a hearing in January 2017, during which I ordered the parties to brief whether Baldi currently held an interest in the 24-Acre Parcel. After reviewing those briefs, I ruled that Baldi had not acquired full title to the property through the 1995 boundary line adjustment. See Doc. No. 142. Because the doctrine of estoppel by deed may have applied to Baldi's 2004 deed to his wife, however, I directed the parties to brief that issue. Id. at 7.

## II. **ANALYSIS**

New Hampshire recognizes the doctrine of estoppel by deed, by which "[a] party who has executed a deed[] is thereby estopped from denying not only the deed itself, but every fact it recites and every covenant it contains." Foss v. Strachn, 42 N.H. 40, 41 (1860) (dictum); see also White v. Ford, 124 N.H. 452, 455 (1984) (per curiam); Fadili v. Deutsche Bank Nat. Trust Co., 772 F.3d 951, 954 (1st Cir. 2014). Where a grantor covenants to convey greater title than he has, and later acquires that title, the title passes to the grantee. See White, 124 N.H. at 455; Fletcher v. Chamberlin, 61 N.H. 438, 446, 491 (1881); Fadili, 772 F.3d at 954.

Estoppel by deed applies neatly to the facts of this case. In the 2004 deed, Baldi conveyed his interest to the 24-Acre Parcel to his wife, with warranty covenants. See Doc. No. 133-3. As explained in my previous order, however, Baldi did not have full title to the 24-Acre parcel at that time. See Doc. No. 142 at 6-7. Once Baldi acquired an interest as a joint tenant pursuant to the Dows' 2015 deed, his interest immediately passed to his wife. See White, 124 N.H. at 455; Fletcher, 61 N.H. at 446; Kimball v. Blaisdell, 5 N.H. 533, 535 (1831). Thus, Baldi no longer has an interest in the 24-Acre Parcel.[1]

---

[1] The Browns, as third-party, judgment creditors seeking an interest in the 24-Acre Parcel through Baldi, are bound by the

The Browns press a number of unsuccessful arguments in an attempt to show that estoppel by deed does not apply. First, they argue that the doctrine only protects grantees who are promised more than the grantor can actually convey. See Doc. 143 at 4. Because the Baldis had identical, nontransferable estates in 2004, they contend, the doctrine does not apply. See id. This argument fails. Baldi's 2004 deed substantially follows the statutory form of a warranty deed. Compare N.H. Rev. Stat. Ann. § 477:27 (2004) (amended 2006) with Doc. No. 133-3. By statute, therefore, the 2004 deed had "the force and effect of a deed in fee simple" with warranty covenants. See § 477:27. Accordingly, Baldi promised to convey a fee simple estate in the 24-Acre Parcel, which was a greater estate than he actually had. That Baldi and his wife in fact had identical, nontransferable estates in 2004 does not affect the analysis.

The Browns next assert that recognizing estoppel by deed in this situation would conflict with two statutes: sections 477:15

---

estoppel. Cf. Kimball v. Blaisdell, 5 N.H. 533, 533–36 (1831). In Kimball, a grantor conveyed title that he did not have. See id. at 533. The court held that when he subsequently acquired title, he was estopped from denying that the title passed to the grantee. See id. at 535. The court also held that the grantor's creditor — who had extended an execution to cover the relevant property — essentially sought title through the grantor, and was accordingly estopped from denying the grantee's title. See id. at 535–36; see also 4 Tiffany Real Prop. § 1234 (3d ed. 1939, 2016 update); 31 C.J.S. Estoppel and Waiver § 61 (2017 update); United Oklahoma Bank v. Moss, 793 P.2d 1359, 1362 (Ok. 1990).

4

and 477:22 of the New Hampshire Revised Statutes. See Doc. No. 143 at 3-4. Section 477:15 provides that an oral conveyance can transfer "an estate at will only," and section 477:22 provides that, where a grantor purports to convey an interest greater than he lawfully can, the grantee receives "all the estate which [the grantor] could lawfully convey."

Applying estoppel by deed here would not contravene the above-enumerated statutes. Pursuant to section 477:15, the Baldis had mere estates at will until 2015, when the Dows conveyed greater title to them through a written deed, the validity of which the Browns have not contested. It was the Dows' 2015 written deed, in conjunction with Baldi's 2004 written deed, that eventually vested greater title in Catherine Baldi. The Dows' 1995 oral conveyance did not have that effect. Likewise, consistent with section 477:22, Baldi's 2004 deed did not give his wife title to the 24-Acre Parcel, as he could not "lawfully convey" it at the time. The warranty covenants in the deed, however, operated to transfer title when Baldi acquired it in 2015. This normal application of estoppel by deed does not conflict with section 477:22.

The Browns last contend that estoppel by deed requires reliance by the grantee on the grantor's representations. See Doc. No. 143 at 2. According to the Browns, Catherine Baldi could not have relied on Baldi's 2004 deed because she knew or

5

should have known that he lacked the title he purported to convey. See id. at 5-7. And even if knowledge cannot be presumed, there is no evidence that Baldi's wife actually relied on the deed. See id. at 5, 7.

Contrary to the Browns' contention, Catherine Baldi's actual or constructive knowledge of the state of title would not foreclose the application of estoppel by deed, at least where after-acquired title is involved. In White v. Ford, an uncle purported to transfer real property to his nephew, even though at the time a municipality held title to the property through a tax collector's deed. See White, 124 N.H. at 454. The uncle later purchased the property back from the town. Id. The Supreme Court of New Hampshire, focusing on the covenants in the uncle's deed, affirmed the lower court's ruling that the uncle's after-acquired title passed to his nephew. See id. at 454-55. It is fair to assume that the nephew in White had constructive knowledge of the tax collector's deed — and thereby that his uncle lacked the title he purported to convey — yet the court makes no mention of either notice or reliance. See id.

In an older case, cited approvingly in White, see id. at 455, the court made explicit that actual or constructive knowledge does not preclude estoppel by deed. In Fletcher v. Chamberlain, the defendant conveyed a mortgage deed to one party, and subsequently conveyed a second mortgage deed to a

devisor of the plaintiff.  See Fletcher, 61 N.H. at 438-39.  The second mortgage deed contained warranty covenants and did not mention the first mortgage deed.  See id. at 439.  After the second mortgagee foreclosed on the property and took title, a successor of the first mortgagee foreclosed on the property and took legal title.  See id.  The successor eventually conveyed the property back to the defendant.  See id.

Assuming, as the defendant claimed, that the second mortgagee had actual knowledge of the first mortgage deed, see id. at 439-40, the court ruled that title had passed to the second mortgagee when the defendant reacquired title, see id. at 446.  The court concluded that the second mortgagee's knowledge of the first mortgage "did not change the character of the estate conveyed to him, or release the mortgagors from their covenants."  Id. at 447.  In an opinion responding to a motion for rehearing, the court reiterated that the second mortgagee's actual knowledge did not preclude estoppel and that he retained title.  See id. at 480-81, 99; see also Fadili v. Deutsche Bank Nat. Trust Co., 2014 DNH 048, 7 (quoting Fletcher for proposition that constructive notice does not defeat warranty covenants), aff'd, 772 F.3d 951 (1st Cir. 2014).

To the extent estoppel by deed requires actual reliance — even if unreasonable, taking into account constructive knowledge — the facts as proffered by Baldi suggest that his wife did rely

7

on the representations in his 2004 deed.  Prior even to the Dows' 2015 deed, Catherine Baldi discussed selling the property with a New Hampshire nursery.  As of January 2017, she had arranged to sell the 24-Acre Parcel to a prospective buyer.  Cf. Doc. No. 132-1 at 20 (affidavit of Gail Brown) (stating real estate agent told her that purchase and sale agreement was in place to sell Baldi property, including the 24-Acre Parcel).  Moreover, Catherine Baldi has paid the property tax due on the 24-Acre Parcel since 2004.

In their discussion of reliance, the Browns lean heavily on Kirkpatrick v. Jones, 122 N.H. 438 (1982) (per curiam). Kirkpatrick does not dictate a different result in this case. In Kirkpatrick, the plaintiff sought to quiet title to property she acquired by deed in 1946.  See Kirkpatrick, 122 N.H. at 439. In 1961, she had conveyed a strip of land on her property to the state for the construction of a highway.  Id.  The 1961 deed described the strip as between certain property in the north and certain property near a line in the south.  Id.  The original 1946 deed, however, described the plaintiff's property as extending south beyond the line referenced in the 1961 deed. Id.  The defendant acquired property south of plaintiff's land in 1974, claiming to have relied on the description in the 1961 deed and asserting title to property south of the line described therein.  Id.

8

The court affirmed the lower court's order to quiet title in the plaintiff.  The court ruled that the 1961 deed, by its own terms, "did not purport to set a southern boundary," but instead merely conveyed the strip of land.  Id. at 440.[2]  Accordingly, the deed could not have induced the defendant to rely on it as a statement of boundaries.  See id.  In contrast, Baldi's 2004 deed purported to convey title to his wife.  There is no equivalent mismatch between what Baldi's deed purported to do and any subsequent reliance.[3]

## IV.  CONCLUSION

Having concluded that John Baldi does not have an interest in the 24-Acre Parcel, I deny the Browns' motion for a writ of

---

[2] The court provided additional reasons to support its conclusion that estoppel did not apply.  See Kirkpatrick, 122 N.H. at 440.  It pointed out that the plaintiff had not deeded land to defendant; had not represented that she had the title conveyed in the 1961 deed; nor had any knowledge that defendant mistook the boundary line.  See id.  Although the Browns focus on these additional reasons, see Doc. No. 143 at 5, they do not strengthen the Browns' case.  Baldi did deed an interest to his wife; did represent that he had title to that interest; and there is no evidence showing that Baldi knew his wife had a mistaken impression as to title.

[3] The Browns last emphasize that the application of estoppel by deed is not necessary to give Catherine Baldi an interest in the 24-Acre Parcel; she has an interest in it pursuant to the Dows' 2015 deed.  See Doc. No. 143 at 7.  Although estoppel by deed is not required to secure Catherine Baldi's interest as a joint tenant, application of the doctrine would give her a greater interest than she currently has.  Importantly, it would give her the interest that Baldi covenanted to convey.

scire facias (Doc. No. 131).  Issuing a writ of scire facias or a writ of execution would amount to an empty exercise, potentially producing redundant litigation.  I also dissolve the attachment granted on October 24, 2016.

    SO ORDERED.

<u>/s/Paul Barbadoro</u><br>
Paul Barbadoro<br>
United States District Judge

July 14, 2017

cc:  John Baldi, pro se
     John Fagan, Esq.